[No. 232-3.   Division Three.   March 31, 1971.]

SPOKANE METHODIST HOMES, INC., *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*

*Ned M. Barnes* (of *Witherspoon, Kelley, Davenport & Toole*), for appellant.

*Slade Gorton, Attorney General,* and *Michael E. Donohue, Assistant,* for respondent Department of Labor and Industries.

*Leo Fredrickson* (of *Fredrickson, Maxey, Bell & Allison*), for respondent Loiselle.

GREEN, J.—Claimant, Joseph E. Loiselle, was employed as a maintenance engineer by Spokane Methodist Homes, Inc., d/b/a Rockwood Manor, a retirement home for elderly people. On October 25, 1967, he was injured when a furnace exploded. He filed a claim with the Department of Labor & Industries. Although the supervisor denied the claim, the Board of Industrial Insurance Appeals allowed the claim and was upheld on appeal to the superior court. The employer appeals.

The employer assigns two errors: (1) the trial court erred in finding it was covered by the workmen's compensation act in the first instance in view of its being a charitable institution; and (2) the trial court erred in finding claimant entitled to benefits of the Industrial Insurance Act because at the time of injury he was employed in an "apartment house" within the meaning of RCW 51.12.010.

With respect to the first contention, the record shows the employer was incorporated under RCW 24.08 covering educational, religious, benevolent, fraternal or charitable societies, now codified in RCWA 24.03; the United States Treasury Department recognized the employer as a charitable institution for federal income tax exemption purposes; the articles of incorporation clearly reflect the employer's charitable nature; and the testimony contained in the record before the department indicates the employer's operation was conducted in accordance with its charitable purposes and not for profit or pecuniary gain.

In *Thurston County Chapter, American Nat'l Red Cross v. Department of Labor & Indus.*, 166 Wash. 488, 489-93, 7 P.2d 577 (1932), the court said:

> The question is whether, under the facts stated, the Red Cross, a purely charitable organization and not operated for profit or pecuniary gain, is within the workmen's compensation act and should be required to pay industrial insurance and medical aid premiums.
>
> . . .
>
> . . . [B]efore a charitable or benevolent organization, not operated for profit or pecuniary gain, will be

required to pay industrial insurance or medical aid premiums, it must come within the language of the act or within the plain import of the language used.

The workmen's compensation act of this state makes no mention of benevolent or charitable organizations, and the whole theory of the act is to the effect that it applies to a trade or business which is operated for profit or pecuniary gain. . . .

Had the legislature intended to bring within its provisions charitable organizations which were not liable for torts of its agents and servants except for failure to exercise reasonable care in their selection, it undoubtedly would have said so in plain terms; or from the language used it would be necessarily implied. We are of the opinion that it was not the legislative intent that charitable organizations, such as the Red Cross, engaged in work as above stated, should be within the operation of the act.

In 1945, the legislature amended the act to extend its benefits to employees of charitable and nonprofit institutions. Laws of 1945, ch. 89, at 243 (Rem. Supp. § 7692.1 (1945)). For technical reasons this amendment was declared unconstitutional in *Swedish Hosp. v. Department of Labor & Indus.*, 26 Wn.2d 819, 176 P.2d 429 (1947). No further attempt was made by the legislature to amend the act in this respect.

██  The claimant contends that because the doctrine of charitable immunity has been abrogated in this state, *Friend v. Cove Methodist Church, Inc.*, 65 Wn.2d 174, 396 P.2d 546 (1964); *Pierce v. Yakima Valley Memorial Hosp. Ass'n*, 43 Wn.2d 162, 260 P.2d 765 (1953), charitable institutions are now within the coverage of the act. We disagree. Neither of these cases involved the workmen's compensation act or legislative intent. Only the legislature can change the legislative intent declared in *Thurston*. It has not seen fit to do so in spite of the fact that charitable immunity was partially abrogated as early as 1953 and completely abrogated in 1964. If charitable institutions are to be covered by the workmen's compensation act, it must be done by legislative enactment, and not by the courts.

In view of this holding it is unnecessary to consider the employer's second assignment of error.

Judgment reversed.

MUNSON, C.J., and EVANS, J., concur.
Petition for rehearing denied May 3, 1971.
Review granted by Supreme Court June 22, 1971.